UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **ARTIS ANDERSON,** | **CIVIL ACTION NO. 5:16-71-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **VANESSA M. DICKSON,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on various motions filed by the parties.

**I.  Background**

Plaintiff Artis Anderson is proceeding pro se but he has considerable experience in filing federal actions, having filed eight federal actions in this Court since 1994. This is at least his fourth federal action involving allegations that state officials interfered with his marriage and his third such action that involves his marriage to Mary Ellen Reynolds. *See Anderson v. Conway*, No. 6:12-cv-70-GFVT (E.D. Ky. filed April 2, 2012); *Anderson v. Wiley*, No. 5:16-cv-34-DCR (E.D. Ky. filed Feb. 1, 2016); *Anderson v. Beshear*, No. 5:15-cv-207-KKC (E.D. Ky. filed July 20, 2015).

In brief, with this action, Anderson alleges that various individuals, including government workers and officials, conspired to have the Kentucky Cabinet for Health and Family Services appointed as his wife's guardian and to have his marriage annulled. He asserts that on May 18, 2015, two paramedics took his wife, Mary Ellen, to the hospital. He came to the hospital the following morning to pick her up but was informed she had been admitted for observation. On May 21, Mary Ellen's late daughter filed a petition in

Woodford District Court seeking to be named Mary Ellen's guardian. Woodford District Court Judge Vanessa Dickson entered an order appointing the Cabinet as Mary Ellen's legal guardian. Later, Jessamine Family Court Judge Jeff Moss signed an order annulling his marriage to Mary Ellen. Anderson alleges that, since the Cabinet became Mary Ellen's legal guardian, the state has stolen $250,000 from his wife and violated his constitutional rights.

In a prior action based on substantially the same allegations, Anderson sued the former Kentucky governor and attorney general, the two then unnamed paramedics who took his wife to the hospital, an individual Cabinet employee who he asserted was appointed as his wife's guardian, and the assisted-living facility where his wife received healthcare services. *See Anderson v. Beshear, et al.*, No. 5:15-cv-207-KKC (E.D. Ky. filed July 20, 2015). The Court dismissed that action, finding that all of the plaintiff's claims lacked the legal plausibility necessary for subject matter jurisdiction.

With this action, the plaintiff sues various additional individuals including Kentucky state court Judges Dickson and Moss; another Cabinet employee who he identifies as Mary Ellen's court-appointed guardian; a social worker employed by the Cabinet who he asserts falsely reported that he abused his wife; two Versailles, Kentucky police officers; the two now-named paramedics who he alleges took Mary Ellen to the hospital knowing that she did not need emergency medical care; the assisted-living facility where Mary Ellen currently resides and its manager; and two doctors.

He asserts that these individuals violated certain of his constitutional rights. Constitutional claims against state or local officials must be brought under 42 U.S.C.§ 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500, 502–03 (6th Cir.1987), *vacated on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a

cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.") *See also Jordan v. Moore*, No. 99–3489, 2000 WL 145368, at *1 (6th Cir.2000) ("[T]his circuit does not recognize direct constitutional claims against local officials and municipalities."); *Sanders v. Prentice–Hall Corp.*, No. 97–6138, 1999 WL 115517, at *1, n. 2 (6th Cir.1999)("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution ... because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations."); *Paulman v. Kentucky*, No. 1:11–CV–96–M, 2012 WL 122593, at *2 (January 17, 2012).

Anderson seeks a total of more than $500 million in compensatory and punitive damages.

This matter is now before the Court on multiple motions filed by the parties.

**II. Anderson's motion to recuse (DE 64)**

As an initial matter, Anderson has moved for "disqualification" of the undersigned, which the Court interprets as a motion for recusal. Such motions are committed to the discretion of the district court deciding the motion. *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Sixth Circuit has explained that section 455(a) requires a judge to recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[q]uite simply and quite universally, recusal . . . [is] required whenever impartiality might reasonably be questioned.").

Subsection (b) of the statute mandates disqualification in certain other circumstances which indicate actual bias.[1] 28 U.S.C. § 455(b).

Anderson does not state which provision of the statute he believes requires the undersigned's recusal. He primarily argues that the undersigned should recuse because he disagrees with the Court's dismissal of his prior case. He states that he will soon file a motion to vacate that dismissal order. "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v.* Story, 716 F.2d 1088, 1090 (6th Cir. 1983) (quotations and citation omitted). Accordingly, the undersigned's dismissal of Anderson's prior action is not grounds for recusal in this action.

Anderson also argues that the undersigned should recuse because the Court has not entered a preliminary injunction as he requested. As will be discussed, however, in his motion Anderson does not show that he is entitled to the injunction. Furthermore, the undersigned's failure to enter the requested injunction would not cause any person to question the undersigned's impartiality.

---

[1] 28 U.S.C. § 455(b) provides that a judge must disqualify himself in the following circumstances:
 1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
 (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
 (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
 (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material witness in the proceeding. 28 U.S.C. § 455(b)(1)-(5).

Anderson has presented no reason that any reasonable, objective person would question the undersigned's impartiality in this case. "A judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (quotations and citation omitted). Accordingly, the motion to recuse will be denied.

**III. Motion for Preliminary Injunction (DE 3)**

Anderson has filed a motion for preliminary injunction in which he asks that all of the defendants be enjoined from violating any of Anderson's constitutional rights; that certain defendants be enjoined from spending any of Mary Ellen's money on anything but medical care; that certain defendants be enjoined from impeding any contracts Mary Ellen and Anderson entered into or that Mary Ellen entered into with tenants at certain property she owns; that all persons be enjoined from complying with Judge Dickson's guardianship order; that defendant Robert Horn be enjoined from having any contract with Mary Ellen; and that certain defendants be enjoined from keeping Mary Ellen confined in any institution against Anderson's will.

This motion will be denied. When deciding whether to issue a temporary restraining order or preliminary injunction, the district court must consider the following four factors:

> (1) whether the movant has demonstrated a strong likelihood of success on the merits;
> (2) whether the movant would suffer irreparable harm;
> (3) whether issuance would cause substantial harm to others; and
> (4) whether the public interest would be served by issuance.

*See Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998). These "are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). Anderson does not address any of these factors in his motion. Further, at this time the Court has no basis to find that any of these factors warrant granting the requested

preliminary injunction. Accordingly, Anderson's motion for preliminary injunction will be denied.

### IV. Anderson's motion for Grand Jury Referral (DE 4)

Anderson has also filed a motion in which he demands that this matter be referred to the grand jury for investigation. Even assuming that this Court has authority to do so, it sees no grounds at this time to refer any matter for criminal investigation.

### V. Motions to join in motions to dismiss (DE 25, 53)

Defendant Robert Horn moves to join (DE 25) the motion to dismiss filed by defendants Council Oaks, John Short, and Thomas Quisenberry M.D. In addition, defendant Thomas Coburn moves to join (DE 53) the motion to dismiss filed by Thomas Quisenberry, M.D. These motions will be granted.

### VI.    Motion to stay discovery (DE 61)

Defendants Council Oaks and John Short move to stay discovery in this action until the Court has ruled on the pending motions to dismiss. This motion will be granted. No discovery should take place in this action until a Scheduling Order has been issued. The Scheduling Order will not be issued until after the Court rules on all the pending motions to dismiss.

### VII.   Motions to Dismiss by Judges Dickson and Moss (DE 19, 58)

As to Judge Dickson, Anderson asserts that, when appointing the state as Mary Ellen's legal guardian, Judge Dickson violated his constitutional right to due process under the 14th Amendment to the United States Constitution. Similarly, he asserts that Judge Moss violated his constitutional rights by signing an order annulling his marriage to Mary Ellen. These claims must be dismissed because both judges are immune from suit.

As the Sixth Circuit has explained:

> It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir.1994) (A judge performing his judicial functions is entitled to immunity from a suit seeking monetary damages.). The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Pierson*, 386 U.S. at 554–55, 87 S.Ct. 1213.67 In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice as has been alleged in this case. *Pierson*, 386 U.S. at 554, 87 S.Ct. 1213; *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

*Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)

Judicial immunity does not apply in two circumstances: where the judge's activities were "non-judicial" in nature and where the judge's actions are performed without any jurisdiction to do so. *Id.*

The signing of judicial orders appointing a legal guardian and annulling a marriage are judicial acts. As to the judges' jurisdiction to perform these acts, "[t]he Supreme Court has held that the term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." *Id.* at 623. "As such, a judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Id.* (quotation and citation omitted.) State district courts have exclusive jurisdiction over guardian appointments. KRS 387.520(1). Family Courts have jurisdiction over cases involving the dissolution of marriage. KRS 23A.100(1)(a).

Accordingly, the motions to dismiss filed by Judges Dickson and Moss will be granted.

7

**VIII.  Conclusion**

For all these reasons, the Court hereby ORDERS as follows:

1) Anderson's motion to recuse (DE 64), motion for preliminary injunction (DE 3), and motion for grand jury referral (DE 4) are DENIED;

2) defendant Robert Horn's motion (DE 25) to join the motion to dismiss filed by defendants Council Oaks, John Short, and Thomas Quisenberry M.D. is GRANTED;

3) defendant Thomas Coburn's motion to join (DE 53) the motion to dismiss filed by Thomas Quisenberry, M.D. is GRANTED;

4) the motion to stay discovery by defendants Council Oaks and John Short (DE 61) is GRANTED.  No party is permitted to conduct discovery until a Scheduling Order has been issued. The Scheduling Order will not be issued until after the Court rules on all the pending motions to dismiss; and

5) the motions to dismiss filed by Judges Dickson and Moss (DE 19, 58) are GRANTED and all claims against those defendants are hereby DISMISSED.

Dated July 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY