Eastern District of Kentucky
F I L E D
AUG 24 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| ARTIS ANDERSON,<br>Plaintiff,<br><br>V.<br><br>VANESSA M. DICKSON,<br>Defendants. | CIVIL ACTION NO. 5:16-71-KKC<br><br>**OPINION AND ORDER** |

This matter is before the Court on motions for attorney's fees and costs filed by certain defendants (DE 80, 81, 82).

**I. Background**

Plaintiff Artis Anderson proceeded *pro se* in this matter but he has considerable experience in filing federal actions, having filed eight federal actions in this Court since 1994. This action was at least his fourth federal action involving allegations that state officials interfered with his marriage and his third such action that involves his marriage to Mary Ellen Reynolds. *See Anderson v. Conway*, No. 6:12-cv-70-GFVT (E.D. Ky. filed April 2, 2012); *Anderson v. Wiley*, No. 5:16-cv-34-DCR (E.D. Ky. filed Feb. 1, 2016); *Anderson v. Beshear*, No. 5:15-cv-207-KKC (E.D. Ky. filed July 20, 2015) (*Anderson I*).

By judgment dated July 26, 2016, this Court dismissed all of Anderson's claims. Anderson appealed and the Sixth Circuit Court of Appeals affirmed this Court's ruling. *Anderson v. Dickson*, 715 F. App'x 481 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1558 (2018). In addition, the Sixth Circuit found that Anderson's appeal was filed out of "sheer obstinacy," and was, therefore, frivolous. *Id.* at 489. Accordingly, pursuant to Federal Rule of Appellate Procedure 38, the court granted the motion for attorney's fees and costs filed by defendants Dr. Thomas Quisenberry, Council Oaks, John Short, and Robert Horn.

Nevertheless, these defendants did not request a specific amount for their fees and costs and, thus, the Sixth Circuit remanded the matter to this Court to determine the appropriate damages and Anderson's ability to pay. *Id.*

Defendants Council Oaks and Short have submitted evidence that they incurred attorney's fees and costs of $29,358.16 in defending Anderson's claims against them, including the frivolous appeal. *See* Bennett Evan Cooper, Federal Appellate Practice: Ninth Circuit, § 22:11 (2017-2018 Edition); *Rostad and Rostad Corp. v. Investment Management & Research, Inc.*, 923 F.2d 694, 697 (9th Cir. 1991) (awarding attorney's fees and costs incurred in both the district court and Court of Appeals).

Defendant Horn has submitted evidence that he incurred attorney's fees and costs of $720 in defending against Anderson's appeal. Horn proceeded *pro se* throughout the litigation in this Court and retained counsel only for the appeal. Defendant Quisenberry has submitted evidence that he incurred a total of $10,962.22 in defending against Anderson's appeal. Quisenberry does not include the fees and costs he incurred in this Court; he includes only the fees he incurred on appeal.

By prior order, the Court granted Anderson time to file objections to the amount of fees and costs requested by the defendants. He has not done so.

The Sixth Circuit specifically ordered this Court to consider Anderson's "ability to pay the sanction" in determining the appropriate amount to award the defendants. *Id.* at 489 (citing *Smith v. Capots*, 78 F.3d 585, 1996 WL 99322, at *3 (6th Cir. 1996)). The Court ordered Anderson to file a notice with the Court correcting any of the financial information contained in his motion and affidavit in support of his motion to proceed in forma pauperis. The Court explained that, if Anderson failed to correct the financial information in the record, the Court would assume it was correct. Anderson has not corrected the financial

information. The information filed in this Court indicates that Anderson's expected monthly income is $773. (DE 2, Aff.) He filed a motion for pauper status before the Sixth Circuit indicating that his monthly income was $2,773. (DE 81-1, Mem. at 4.) His home is valued at $25,000 and his vehicle is valued at $1200. He reports monthly expenses of $1,272. After considering the fees incurred by the defendants, the need to deter future frivolous filings by Anderson, and Anderson's ability to pay any sanction, the Court hereby ORDERS as follows:

1) Defendant Horn's motion for attorney's fees and costs (DE 80) is GRANTED. Anderson MUST PAY Horn attorney's fees and costs of $720;

2) The motion by defendant Thomas Quisenberry (DE 81) is GRANTED. Anderson MUST PAY Quisenberry attorney's fees and costs of $2700; and

3) The motion by defendants Council Oaks and Short for attorney's fees and costs (DE 82) is GRANTED. Anderson MUST PAY Council Oaks and Short a total of $7,300 in attorney's fees and costs.

August 24, 2018



Signed By:
Karen K. Caldwell
United States District Judge